UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CAPITAL ONE,

                    Plaintiff,

-vs-                              Case No.  5:10-cv-619-Oc-10KRS

FRANCES JOSEPHINE ARABIA,
MICHAEL ANGELO ARABIA, CASANDRA
ANGELA ARABIA, TROY DENTON
ARABIA,

                    Defendants.
_____

# **O R D E R**

Plaintiff Capital One, N.A. ("Capital One") brings this interpleader action to determine who should receive the funds held in three Certificate of Deposit Accounts totaling in the aggregate $387,758.98 (Doc. 1).  Defendants Frances Josephine Arabia and her son Michael Arabia purchased the Certificates of Deposit and are joint account holders. Defendant Casandra Arabia, Frances Arabia's granddaughter, is designated as the accounts payable on death beneficiary.  Defendant Troy Arabia is Casandra Arabia's brother and the grandson of Frances Arabia.

The Defendants have all filed answers to the Complaint (Docs. 4, 8, 13, 16), and Casandra Arabia has filed a cross-claim against Troy Arabia (Doc. 25).[1]  The case is now

_____

[1]Casandra Arabia initially filed a crossclaim on January 17, 2011 (Doc. 8), and Troy Arabia moved to dismiss on February 3, 2011 (Doc. 15).  With leave of Court (Doc. 24), Casandra Arabia filed an amended crossclaim on May 25, 2011 (Doc. 25), and the motion to dismiss which is
(continued...)

before the Court for consideration of Troy Arabia's motion to dismiss the crossclaim (Doc. 26), to which Casandra Arabia has filed a response in opposition (Doc. 28)

## Background

On or about April 9, 2002, Defendants Frances Arabia and Michael Arabia purchased and were issued a Certificate of Deposit by Capital One in the amount of $150,000.00 with an account number ending in 7828.  On or about April 16, 2002, Frances and Michael Arabia purchased and were issued a second Certificate of Deposit by Capital One in the amount of $120,000 with an account number ending in 9459.  Frances and Michael Arabia purchased and were issued a third Certificate of Deposit by Capital One on or about June 26, 2008 in the amount of $150,000 with an account number ending in 2969. Each of these Certificates of Deposit are held by Frances Arabia and Michael Arabia as joint account holders with rights of survivorship, and each designate Defendant Casandra Arabia as the Accounts Payable on Death Beneficiary.[2]

Between August 12, 2010 and October 8, 2010, Capital One received various documents purporting to be Customer Authorization Forms, General Powers of Attorney, Limited Powers of Attorney, Outbound Wire Transfer Forms, and Account Owner and Beneficiary Change Forms (Doc. 1, Exs. G-K).  These documents conflict with each other:

---

[1](...continued)
presently before the Court relates (Doc. 26) to the amended crossclaim.   As such, the February 3, 2011 motion to dismiss shall be denied as moot.

[2]Capital One has attached to its Verified Complaint (Doc. 1), copies of the acceptance forms and terms and agreements for each of these Certificates of Deposit (Doc. 1, Exs. A-F).

2

some seek to remove Michael Arabia from each of the three Certificates of Deposit, others seek to remove Frances Arabia from the accounts, and yet others seek to add Casandra Arabia as a joint account holder; some appear to grant Defendant Troy Arabia with power of attorney for Frances Arabia; and other documents seek to have the balances of the three Certificates of Deposit transferred to another bank and to have all accounts at Capital One closed.  Capital One also received correspondence from Casandra Arabia on or about October 8, 2010 stating that Troy Arabia was attempting to manipulate Frances Arabia to obtain her assets; as well as a letter dated October 21, 2010 from Frances Arabia's attorney demanding that Capital One wire all funds to another bank or face legal action (Doc. 1, Ex. L).

Given this conflicting information, Capital One filed this interpleader action in an effort to avoid double or multiple liability with respect to the ownership of the three Certificates of Deposit.  Capital One has asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332, because Capital One is a citizen of the state of Virginia, whereas the Defendants are all citizens of Florida, and the amount in controversy far exceeds $75,000. (Doc. 1, ¶¶ 1-8).

On January 17, 2011, Casandra Arabia filed her Answer and Crossclaim seeking to assert a claim against Troy Arabia for misappropriation of funds relating to a fourth Certificate of Deposit, with account number ending in 0166 (Doc. 8).  On May 12, 2011, with leave of Court (Doc. 24), Casandra Arabia amended her crossclaim to assert claims

of fraud and misappropriation of funds against Troy Arabia, again relating to this fourth Certificate of Deposit, with account number ending in 0166 (Doc. 25).[3]

## **Discussion**

Troy Arabia moves to dismiss the amended crossclaim for lack of jurisdiction (Doc. 26).  Specifically, he argues that the crossclaim asserts claims involving state law only, therefore jurisdiction is not appropriate under 28 U.S.C. § 1331, and asserts that there is no diversity jurisdiction over the crossclaim such that 28 U.S.C. § 1332 would apply because both Casandra Arabia and Troy Arabia are residents of Florida.  To support this argument, Troy Arabia has submitted an Affidavit (Doc. 27), in which he declares under penalty of perjury that he has been a continuous resident of Hillsborough County, Florida from 2006 to the present.[4]

In response, Casandra Arabia claims that diversity jurisdiction may exist because Troy Arabia's affidavit "contains numerous misstatements."  (Doc. 28, p. 2).  In support of this contention, Ms. Arabia's counsel recites (in the motion itself) a supposed conversation he had with "Troy Arabia's current probation office[sic], Elizabeth Poffel," (Id.), and has attached an unauthenticated document which counsel claims is a "search of the public

---

[3]While Capital One asserts (and no Defendant has challenged) that the Interpleader action is governed by the law of the Commonwealth of Virginia, it is unclear which state law would apply to Ms. Arabia's crossclaim.

[4]Troy Arabia also argues that Ms. Arabia has failed to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6).  Because the Court finds that jurisdiction does not exist over the crossclaim, the Court need not reach this portion of Mr. Arabia's motion to dismiss – even though Ms. Arabia did not make any argument to refute it.

records."  (Doc. 28-1).   This purported conversation and unauthenticated document constitute clearly inadmissible hearsay and will not be considered by the Court.   Thus, in light of the unchallenged evidence from Troy Arabia concerning his place of citizenship, and the absence of any allegations in the crossclaim concerning jurisdiction, the Court finds that diversity jurisdiction does not lie for the crossclaim.  See American Nat. Property & Cas. Co. v. Duque, Case No. 6:07-cv-959-Orl-22KRS, 2008 WL 2959725 at * 2 (M.D. Fla. July 29, 2008) (dismissing crossclaim where there was not complete diversity of parties). See also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (The party asserting diversity jurisdiction bears the burden to plead "facts demonstrating the existence of jurisdiction.").

Casandra Arabia also argues that this Court has supplemental jurisdiction over the crossclaim under 28 U.S.C. § 1367, and should exercise its discretion to retain the crossclaim.  Federal Rule of Civil Procedure 13(g) permits the filing of a crossclaim "that arises out of the transaction or occurrence that is the subject matter of the original action. . .  or if the claim relates to any property that is the subject matter of the original action." The Court may exercise supplemental over cases arising under state law if the proposed crossclaim is "so related to [the] claims in [this] action . . . that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  The Rule 13(g) analysis of the underlying transaction or occurrence is the same as the § 1367 analysis of the case or controversy. Amco Constr. Co. v. Miss. State Bldg. Comm'n, 602 F.2d 730, 732-33 (5th Cir. 1979);

Clarendon America Ins. Co. v. Jedak Corp., Case No. 6:09-cv-1181-Orl-28KRS, 2010 WL 610900 (M.D. Fla. Feb. 11, 2010).

According to Ms. Arabia, the Court possesses supplemental jurisdiction because this fourth Certificate of Deposit is mentioned in two of the Exhibits attached to Capital One's Verified Complaint – Exhibits J and K.   A review of Exhibit J shows that it is merely a compilation of the Account Owner and Beneficiary Change Form Instructions for each of the three Certificates of Deposit listed in the Verified Complaint, as well as a set of Instructions for the fourth Certificate of Deposit listed in the cross claim (Doc. 1, Ex. J). Similarly, Exhibit K consists of the Account Owner and Beneficiary Change Forms for the three Certificates of Deposit as well as this fourth account.   Notably, however, Capital One's Verified Complaint nowhere mentions this fourth Certificate of Deposit, Capital One has not alleged any interpleader disputes with respect to this fourth account, and Capital One has not sought leave to deposit any funds from that account into the Court's registry.[5] Moreover, the facts asserted in the crossclaim are not alleged or even alluded to in the Verified Complaint.

It is therefore clear that Ms. Arabia's crossclaim does not arise out of the same transaction or occurrence as the interpleader claims asserted by Capital One.   The interpleader claims relate to the three Certificates of Deposit and various attempts to

---

[5]Capital One has a pending motion to deposit the balances of the three Certificates of Deposit listed in its Verified Complaint into the Court's registry and to be discharged from this case (Doc. 23).  That motion is set for oral argument on Monday, September 26, 2011.

change the names on the accounts and transfer the account balances.  The crossclaim, however, relates to a completely separate Certificate of Deposit, and asserts that Troy Arabia fraudulently obtained and/or misappropriated $80,000 of the account's funds. Thus, permitting this crossclaim to go forward would be inappropriate and violate the dictates of Fed.R.Civ.P. 13(g).   For the same reasons, the Court also is without supplemental jurisdiction over the crossclaim.  <u>See</u> 28 U.S.C. § 1367(a).

### **Conclusion**

Accordingly, upon due consideration, it is hereby ORDERED as follows:

(1)     Defendant Troy Arabia's Motion to Dismiss Crossclaim for Lack of Jurisdiction (Doc. 15) is DENIED AS MOOT;

(2)     Defendant Troy Arabia's Motion to Dismiss Amended Crossclaim (Doc. 26) is GRANTED; and

(3)     Defendant Casandra Arabia's Amended Crossclaim (Doc. 25) is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 16th day of September, 2011.

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record